UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

RAY C. BASS                                    CIVIL ACTION

VERSUS                                         NO: 08-1288

UPS CAPITAL CORPORATION, ET                    SECTION: J(3)
AL

### ORDER AND REASONS

Before the Court is Defendants UPS Capital Corporation ("UPS Capital") and United Parcel Service, Inc. ("UPS")'s **Motion to Dismiss for Failure to State a Claim and/or for More Definite Statement (Rec. Doc. 7)**.  This motion, which is opposed, was set for hearing on June 25, 2008 on the briefs.  Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Defendants' motion should be denied.

### Background Facts

Plaintiff's action for employment discrimination against Defendants under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. 621 *et seq.*, and the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301 *et seq.*, seeks

declaratory, injunctive, and equitable relief, back pay, liquidated damages, compensatory damages, attorney's fees, and costs for alleged discrimination on the basis of age, and for retaliation for complaining about age discrimination by UPS Capital and UPS, the parent company of UPS Capital.

## The Parties' Arguments

UPS seeks to dismiss Plaintiff's federal claims against it for failure to state a claim, or alternatively, to order Plaintiff to set forth a more definite statement of his claims against UPS.  Additionally, UPS Capital moves to dismiss Plaintiff's state law claims against it under the Louisiana Employment Discrimination Law, or alternatively, for a more definite statement.

As for Plaintiff's federal claims, according to UPS, the allegations in Plaintiff's Complaint lead to the conclusion that UPS had no employment relationship with Plaintiff, and nowhere in his Complaint does Plaintiff allege that UPS was the ultimate decision-maker with regard to his termination.[1]  All of the allegations reflect that UPS Capital, and not UPS, committed the alleged discriminatory acts at issue.  In fact, UPS argues that on the face of the Complaint, the only allegation against UPS is that since "UPS is the parent company of its wholly-owned

---

[1]  An ADEA plaintiff may only seek redress for the discriminatory acts of his "employer."  Lusk v. Foxmeyer Health Corp., 129 F.3d 772, 777 (5th Cir. 1997).

2

subsidiary, UPS Capital, . . . [UPS] is liable for damages caused by illegal acts of UPS Capital." Such a conclusory statement is insufficient, according to UPS, to overcome the strong presumption that a parent corporation is not the employer of its subsidiary employees. See Lusk, 129 F.3d 773.

Regarding Plaintiff's state law claims, UPS Capital argues that Plaintiff makes no allegations to support the jurisdictional number of employees of UPS Capital in the state of Louisiana. The provisions of La. R.S. 23:302 apply only to an employer who employs twenty or more employees within the state of Louisiana for each working day in each of twenty or more calendar weeks in the current or preceding year. Because Plaintiff makes no allegations that UPS Capital employed a minimum of twenty employees in Louisiana during the requisite period, his claim under the LEDL should be dismissed.

In conjunction with the filing of his opposition, Plaintiff filed a First Supplemental and Amended Complaint (Rec. Doc. 12) pursuant to Rule 15 of the Federal Rules of Civil Procedure, which allows an Amended Pleading prior to the filing of responsive pleadings.[2] Plaintiff argues that as a result, many of the arguments in Defendants' Motion to Dismiss are moot.

---

[2] Furthermore, the Fifth Circuit has ruled in McKinney v. Irving Independent School Dist., 309 F.3d 308 (5th Cir. 2002) that "because a Rule 12(b)(6) motion to dismiss is not a 'responsive pleading,' the filing of such a motion does not extinguish a party's right to amend as a matter of course."

3

For instance, in the Amended Complaint, Plaintiff alleges that he has pleaded with specificity allegations that UPS and UPS Capital are a single joint employer, which conforms to the four-part test[3] adopted by the Fifth Circuit in <u>Radio and Television Broadcast Technicians Local Union 1264 v. Broadcast Serv. Of Mobile, Inc.</u>, 380 U.S. 255, 257 (1965), and extended to civil rights actions in <u>Trevino v. Celanese Corp.</u>, 701 F.2d 397 (5th Cir. 1983).  As a result, Plaintiff argues that he has properly alleged violations of the ADEA committed by both UPS and UPS Capital.  In addition, Plaintiff has amended his state law claim to include UPS but to exclude UPS Capital, admitting that UPS Capital does not employ twenty or more employees for each work day in each of the twenty or more calendar weeks in the requisite time period.

## **Discussion**

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable

---

[3] To determine whether a parent corporation and its subsidiary may be regarded as a "single employer" under the ADEA, the Fifth Circuit applies a four-part analysis.  The four factors to consider include: (1) interrelation of operations, (2) centralized control of labor or employment decisions, (3) common management, and (4) common ownership or financial control.  <u>Trevino</u>, 701 F.2d at 404.  This analysis ultimately focuses on the question whether the parent corporation was a final decision-maker in connection with the employment matters underlying the litigation and all four factors are examined only as they bear on this precise issue.  <u>Id.</u>

.
.

that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiff had stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiff is entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988).

This Court determines that in light of Plaintiff's filing of his Amended Complaint, Defendants' motion to dismiss and/or for a more definite statement can be denied. The Amended Complaint does state sufficient facts to withstand a motion to dismiss as to Plaintiff's ADEA claim, as Plaintiff has alleged that UPS and UPS Capital are joint employers, and, as such, UPS is liable for damages caused by the alleged illegal acts of UPS Capital. Furthermore, Plaintiff has eliminated his LEDL claims against UPS Capital. Accordingly,

**IT IS ORDERED** that Defendants' **Motion to Dismiss for Failure to State a Claim and/or for More Definite Statement (Rec. Doc. 7)** is hereby **DENIED.**

New Orleans, Louisiana, this 23rd day of July, 2008.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE